UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARTH ISLAND INSTITUTE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> RANDY MOORE, et al., <br><br> Defendants. | Case No.   1:23-cv-01045-JLT-EPG <br><br> ORDER REGARDING MOTION FOR CLARIFICATION <br><br> (ECF No. 27). |

      This matter is before the Court on Plaintiff's motion for clarification of the scheduling order. (ECF No. 27). "Specifically, Plaintiffs seek clarification on whether this Court intended to deny the contingent nature of the Parties' proposed briefing schedule for summary judgment and the Parties' request for an enlargement of page limits for summary judgment briefing in its Scheduling Conference Order." (*Id.* at 2).

      As to the first issue, Plaintiffs note that they accounted for the possibility of disputes as to the administrative record by including deadlines in their joint scheduling report to file briefs regarding the scope of the administrative record, which deadlines the Court incorporated into the scheduling order. Thereafter, they note that they also proposed a tentative briefing scheduling for cross-motions for summary judgment "only if no record motion is filed." They note that the Court included their proposed deadlines regarding cross-motions for summary judgment but point out that the order did not specifically state that these deadlines apply only if no record motion was

1

filed. Plaintiffs ask the Court to clarify whether the Court's scheduling order incorporates the contingency that the summary judgment deadlines apply only if no record motion is filed.

The parties are advised that the scheduling order does anticipate such a contingency. While the scheduling order did not include the specific language of the contingency, it otherwise noted that the filing of a motion for an administrative record was optional. (*See* ECF No. 18, p. 2 – "If no motion regarding the scope of the Administrative Record is filed, the Administrative Record regarding all of Plaintiffs' claims shall be considered settled."). Accordingly, the parties only need to follow the summary judgment schedule only if no record motion is filed. Moreover, consistent with the joint status report, if the parties believe that the schedule needs to be changed, they are directed to file an appropriate motion seeking to amend the schedule.

As to the second issue, the parties note that they requested the following page limitations:

> The parties respectfully request the following page limits. Plaintiffs' opening brief shall not exceed 45 pages, Defendants' combined opening brief and response to Plaintiffs' opening brief shall not exceed 45 pages, Plaintiffs' combined response and reply brief shall not exceed 25 pages, and Defendants' reply brief shall not exceed 25 pages, excluding the caption, tables of contents and authorities, and signature block.

(ECF No. 14, p. 6).

However, they note that the Court's scheduling order limited them to 25 pages for moving and opposition briefs and 10 pages for reply briefs and they ask for clarification on this issue. The parties are advised that they have not been granted leave to file briefs exceeding the Court's standard page limitations. Thus far, the parties have provided no justification to exceed the normal page limitations. Should they seek to do so for any future filing, they are directed to follow the procedure outlined in the Presiding District Judge's standing order, which requires leave to be obtained prior to the filing of a brief exceeding the standard page limitations and for the requested page extension to be supported by good cause. (ECF No. 20, p. 2).

Accordingly, IT IS ORDERED as follows:

1. The Clerk of Court is directed to terminate the motion for clarification (ECF No. 29) as no longer pending.
2. Because Sierra Club was added as a Plaintiff in the first amended complaint (ECF

No. 13), the Clerk of Court is directed to add Sierra Club as a Plaintiff on the docket.

IT IS SO ORDERED.

Dated: **January 10, 2024**            /s/ Eric P. Groj
                                                             UNITED STATES MAGISTRATE JUDGE