Thomas Buchele, CA Bar No. 129657
Earthrise Law Center
Lewis & Clark Law School
10101 S Terwilliger Blvd.
Portland, OR 97219-7799
Tel:  503-768-6736
Fax: 503-768-6642
Email: tbuchele@lclark.edu

Rachel M. Fazio, CA Bar No. 187580
John Muir Project of the Earth Island Institute
P.O. Box 897
Ridgecrest, CA 92314
Tel: 530-273-9290
Email: rachelmfazio@gmail.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **EARTH ISLAND INSTITUTE**, a non-profit corporation; **SEQUOIA FORESTKEEPER**, a non-profit corporation; **SIERRA CLUB**, a non-profit corporation,<br><br>Plaintiffs,<br><br>v.<br><br>**RANDY MOORE**, in his official capacity as the Chief of the United States Forest Service; **DEAN GOULD,** in his official capacity as the Forest Supervisor for the Sierra National Forest; **JENNIFER EBERLIEN,** in her official capacity as the Regional Forester for the Pacific Southwest Region; **UNITED STATES FOREST SERVICE,** an agency of the United States Department of Agriculture,<br><br>Defendants. | CASE No. 1:23-cv-1045-JLT-EPG<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO TEMPORARILY STAY PROCEEDINGS OR FOR ALTERNATIVE RELIEF**<br><br>DATE:   March 6, 2025<br>TIME:    9:00 a.m.<br>CTRM:  4, 7th Floor<br>JUDGE:  Hon. Jennifer L. Thurston |

1          Plaintiffs have filed a motion seeking limited relief—an order *temporarily,* for ten weeks, staying these proceedings—to allow Plaintiffs to fully evaluate the impact of Defendants' extremely delayed December 30, 2024 Decision Memorandum (the "new Decision Memo") on this unresolved litigation regarding "emergency" fuels reduction logging in Nelder Grove. Defendants themselves chose to inject that new Decision Memo into this case when they filed their "Notice of Publication" of their new decision on January 10th. ECF 60 and 60-1. After reading Defendants' Response in Opposition to Plaintiffs' Motion, it would be understandable if the Court were confused about the limited scope of what Plaintiffs' motion requested. Defendants' response repeatedly, but incorrectly, suggests Plaintiffs are requesting to add new claims or arguments to this case. To the contrary, Plaintiffs' motion makes no such request. Instead that motion only requests a relatively short time for Plaintiffs to responsibly and fully evaluate whether the new Decision Memo might justify a future request from Plaintiffs to increase or decrease this litigation's scope. Defendants' response never specifically acknowledges the very limited relief the motion does request. It even incorrectly labels their response as a "Response in Opposition to Plaintiff's Motion to Stay Proceedings," omitting the word "temporarily," ECF 64 at 1, which is a key and explicit limitation in the title of Plaintiffs' motion on the relief that motion requests.

           Defendants' July 22, 2022 R5 Fuels Reduction Treatments Fuels Reduction Treatments within Giant Sequoia Groves, Sequoia and Sierra National Forest Decision Memo ("July 2022 Chief's Memorandum") is the current focus of Plaintiffs' legal challenges in this action. *See* ECF 44, ¶ 5. That agency decision, because of an alleged emergency, allowed Defendants to delay their compliance with the National Environmental Policy Act ("NEPA") regarding the authorized fuels reductions logging. However, it also indicated that, although Defendants were excused from producing an actual Decision Memo, they would complete some sort of environmental analysis by November of 2023. *See* AR00002, 00004, 00008. As Plaintiffs noted in their opening memorandum, *see* ECF 63 at 6, if Defendants had met that schedule, Plaintiffs would have had that NEPA analysis many months before they filed their Second Amended Complaint and before the parties briefed the claims that pleading raised. Plaintiffs then could have conducted the

1

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR TEMPORARY STAY OR ALTERNATIVE RELIEF

investigation they now seek time to make regarding including legal challenges to the delayed NEPA analysis in this litigation. Instead, Defendants delayed disclosing their actual NEPA analysis until after the parties had fully briefed summary judgment.

Despite being challenged to do so by Plaintiffs' motion, *see* ECF 63 at 6, Defendants have offered no explanation for the timing of their new Decision and Notice. Defendants do offer the specious argument that their delay has actually given Plaintiffs years to "contemplate" the environmental analysis the July 2022 Chief's Memo promised. *See* ECF 64 at 4. But Plaintiffs could not actually evaluate the legal impact of some hypothetical, future analysis, especially when Defendants were refusing to disclose even the most basic information, such as the specific categorical exclusion they supposedly were using to comply with NEPA. Plaintiffs did not receive that information, or the new Decision Memo, until Defendants filed their January 10, 2025 Notice. ECF 60 at 1 (disclosing for the first time that Defendants were relying upon the CE codified at 36 C.F.R. § 220.6(e)(6)).

Now after belatedly disclosing their NEPA analysis, including finally identifying the specific categorical exclusion they are relying upon to supposedly comply with NEPA, Defendants insist they have the right to put that new Decision Memo before this Court and make an argument regarding its impact on the merits of Plaintiffs' claims, without seeking leave to do so. Moreover, they also insist they can unilaterally limit this new evidence's relevance to one argument regarding Plaintiffs' claims, but Plaintiffs should receive no additional time to make their own determinations regarding this new evidence's impact and should not even be allowed to submit a supplemental brief regarding this new evidence. Defendants cite no rule or case law that supports such a lopsided process for addressing evidence that Defendants injected into this case.

Defendants acknowledge the new Decision Memo's relevance to this case and the pending summary judgment motions by specifically asking the Court "to consider this new development in resolving the parties' pending cross motions for summary judgment." ECF 60 at 2. They now attempt to limit that relevance, but whether and how evidence is relevant is a legal question for the Court and is something Defendants cannot unilaterally dictate. *See* ECF 64 at 3. Defendants also contradict themselves when seeking to restrict the Court's and Plaintiffs' use of this new

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR TEMPORARY STAY OR ALTERNATIVE RELIEF

2

1   evidence. Defendants argue that the new Decision Memo "will not aid the Court in resolving the
2   legal issues here" even though just two paragraphs earlier they told the Court that this same new
3   evidence shows that they have now acted "in compliance with NEPA," which they characterize as
4   a disputed factual issue. *Id.* But Defendants' compliance with NEPA is the ultimate legal issue in
5   this case. Resolving that legal issue and deciding whether and how the new Decision Memo is
6   relevant are issues that this Court must decide, after hearing from both parties. The mere fact that
7   Defendants, after excusing themselves from doing so in the July 2022 Chief's Memorandum,
8   issued a Decision Memo that finally identifies a supposedly applicable categorical exclusion, does
9   not itself demonstrate NEPA compliance. Defendants cannot put this new decision before the
10  Court and not expect both Plaintiffs and the Court to at least consider whether it is appropriate for
11  the Decision Memo's compliance with NEPA to also be addressed and resolved in this litigation.
12  All Plaintiffs now seek is a short time to consider that issue.
13      The only "prejudice" Defendants cite to justify completely denying Plaintiffs' requested,
14  limited relief, is an ephemeral "cloud of uncertainty" over the legality of Defendants' challenged
15  "emergency response." ECF 64 at 4.  But as Defendants' declarant explains, that uncertainty is
16  not stopping Defendants from continuing to implement parts of that response, *see* ECF 64-1, and
17  the parties have an agreement in place that has to date avoided the need for any sort of
18  preliminary relief. ECF 63 at 5, n.1. Defendants apparently will suffer no prejudicial cloud of
19  uncertainty if Plaintiffs are left with filing a separate, new lawsuit challenging the new Decision
20  Memo as their only option for obtaining complete relief. After seeing this weak and inconsistent
21  explanation of their alleged prejudice from Plaintiffs' requested temporary stay of the court
22  proceedings (not a stay of project implementation), Plaintiffs now understand why Defendants
23  were unwilling to discuss their alleged prejudice during the parties' pre-filing conferrals.
24      Defendants attempt to make much of the fact that Plaintiffs incorrectly read Defendants'
25  new Decision Memo and website as indicating that they were done implementing the logging the
26  new Decision Memo approved. ECF 64 at 2. Those documents do in fact support such a
27  conclusion, *see* ECF 63 at 5 (citing Decision Memo and USFS website), especially when
28  considered along with the July 2022 Chief's Memorandum, which states that the authorized fuels

3

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR TEMPORARY STAY OR
ALTERNATIVE RELIEF

reduction logging would only occur "through 2024." AR00003. Defendants also had every opportunity to correct Plaintiffs' misunderstanding during the conferral process but did not do so. But more importantly, as is discussed above, Plaintiffs only seek a stay of the proceedings before this Court, not a stay against project implementation. There is nothing currently impeding or prejudicing Defendants' continued implementation of those aspects of the Project the new Decision Memo approved and that could be implemented in the foreseeable future.

Defendants vainly attempt to avoid Plaintiffs' alternative request to strike their Notice, ECF 60 and 60-1, as an improper attempt to supplement the administrative record, by asserting it does not do that because both sides agree this new decision "does nothing" to the July 2022 Chief's Memorandum, which is the agency action currently at issue in this case. ECF 64 at 3, 5, citing ECF 63 at 13. But that assertion grossly distorts what Plaintiffs actually said, which is that, contrary to Defendants' argument that the Decision Memo demonstrates their NEPA compliance, it actually can be viewed as an admission that the July 2022 Chief's Memorandum violates NEPA. ECF 63 at 13. The actual relevant point is that Defendants are unquestionably asking the Court to consider their new Decision Memo when addressing the merits of Plaintiffs' current claims. ECF 60 at 2 ("Defendants respectfully request that the Court consider this new development in resolving the parties' pending cross motions for summary judgment."). The Court can only consider such new evidence, however, if Defendants successfully move to supplement the administrative record, or the parties so stipulate, and the parties then brief the impact of this new record evidence on the merits of Plaintiffs' claims. Neither has occurred.

To support their improper filing, ECF 60 and 60-1, Defendants point to Federal Rule of Evidence 201, which allows a party to request that the Court take judicial notice of an undisputed fact. Defendants did not cite that rule and did not actually make such a request when they simply filed their "notice of publication."[1] Moreover, Defendants ignore the fact that this rule also

---

[1] Defendants also argue, inaccurately, that their Notice, ECF 60 and 60-1, is equivalent to the "routine" notices they provide to courts regarding ground operations for challenged projects. ECF 64 at 3. First, it is Plaintiffs' experience that such information is only provided when a Court requests it, usually to assess the need for preliminary relief or potential mootness, which did not happen here. Second, such information is never provided for a court to use to address the legal merits of a challenged project, which is what Defendants are improperly requesting.

4

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR TEMPORARY STAY OR ALTERNATIVE RELIEF

1   requires that other parties have the right to be heard regarding "the nature of the fact to be

2   noticed." Fed. R. Evid. 201(e). Instead, Defendants insist Plaintiffs here should not be given such

3   a right when they argue against Plaintiffs' alternative request to file a supplemental brief.

4       Defendants also argue that this Court's decision in *Smith v. O'Malley,* 2024 WL 4262394,

5   at *1–2 (E.D. Cal. Sept. 19 2024), somehow supports allowing them to put the Decision memo

6   before the Court while also denying Plaintiffs the ability to file a supplemental brief regarding

7   that new evidence. ECF 64 at 5. That case says no such thing. In *Smith* the plaintiffs filed a

8   motion pursuant to Local Rule 230(m) to attempt to cite supplemental legal authority and to

9   obtain supplemental briefing regarding that additional legal authority. The Court denied the

10  motion because it determined that proposed supplemental authority was not relevant to the issues

11  before the Court. *Smith*, 2024 WL 4262394, at *1–2. Although Plaintiffs' motion pointed out that

12  a notice or motion under Local Rule 230(m) was one potential way for Defendants to bring the

13  new Decision Memo to the Court's attention, ECF 63 at 12, Defendants in fact filed no notice or

14  motion that complied with that Rule. Moreover, the ruling and reasoning of *Smith* in no way

15  support the result Defendants seek here: to have the Court treat the new Decision Memo as being

16  relevant to the parties' pending claims while denying Plaintiffs an opportunity to file a

17  supplemental brief addressing this supposedly relevant evidence.

18      Here, where Defendants can cite to no real prejudice from Plaintiffs' primary and actual

19  requested relief, a temporary ten-week stay of the proceedings before this Court, it is that relief

20  which best serves the orderly course of justice. Such relief would allow Plaintiffs a relatively

21  short amount of time, and far less time than Defendants have taken to disclose their new

22  evidence, to fully investigate and evaluate whether and how that evidence impacts this unresolved

23  litigation and to then make an appropriate motion with this Court regarding how to proceed.

25      Respectfully submitted on this 24th day of February, 2025.

27                    /s/Thomas Buchele
                    Thomas Buchele, CA Bar No. 129657

28                      Earthrise Law Center

5

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR TEMPORARY STAY OR ALTERNATIVE RELIEF

Lewis & Clark Law School
10101 S Terwilliger Blvd.
Portland, OR  97219-7799
Tel:  503-768-6736
Fax: 503-768-6642
Email: tbuchele@lclark.edu

Rachel M. Fazio, CA Bar No. 187580
John Muir Project of the Earth Island Institute
P.O. Box 897
Ridgecrest, CA 92314
Tel: 530-273-9290
Email: rachelmfazio@gmail.com

Attorneys for Plaintiffs